### BIRCH v. METROPOLITAN EL. RY. CO.

*(Common Pleas of New York City and County, General Term. February 3, 1890.)*

1. ASSIGNMENT—CAUSE OF ACTION—PERSONAL INJURY.
    A cause of action for the loss of rental value of abutting property, which has been rendered uncomfortable by the maintenance of defendant's railroad, is not one for "a personal injury," within Code Civil Proc. N. Y. § 1910, providing that an action for a personal injury is not assignable, and section 3343, subd. 9, providing that a personal injury includes any "actionable injury to the person either of the plaintiff or another."

2. APPEAL—ERRORS CURED.
    Opinions of witnesses as to the causes which occasion the decrease of rental value is improper; but error in their admission is harmless when the fact intended to be proved thereby is conclusively established by other evidence, and expressly admitted by defendant's own witnesses.

Appeal from trial term.

Action by Margaret V. Birch against the Metropolitan Elevated Railway Company for loss of rental value of premises in New York city by reason of the existence of defendant's road. Judgment for plaintiff for $1,281.24. Defendant appeals. Code Civil Proc. N. Y. § 1910, provides that an action to recover damages for a personal injury is not assignable. Section 3343, subd. 9, provides that "a personal injury includes * * * or other actionable injury to the person either of the plaintiff or of another."

Argued before LARREMORE, C. J., and BOOKSTAVER and BISCHOFF, JJ.

*Davies & Rapallo, (Edward S. Rapallo and Henry D. Sedgwick, Jr.,* of counsel,) for appellant. *Whitehead, Parker & Dexter,* for respondent.

LARREMORE, C. J. This is an action at law to recover the aggregate loss of rental value for six years to premises 136 West Third street. The plaintiff acquired said premises by conveyance from her husband, through a third party, on December 8, 1883. Part of the period for which she claims loss of rental value was before she became seised of, and while her husband owned, the property. To recover for such portion of the six years as had expired before she received her deed, she produced an assignment in writing from her husband of all his claim for damages for loss of rents. This assignment was admitted, and the jury were allowed to treat it as valid; and Mrs. Birch recovered a verdict for the full damages for six years. The first ground of error claimed

is that such alleged assignment was void, and that the recovery should have been limited to the period since plaintiff herself took title. Appellant's argument proceeds upon the assumption that a cause of action of this character is for a "personal injury," and therefore, under section 1910 of the Code, not assignable. But the phrase "personal injury," as used in the Code, is affirmatively defined in section 3343, subd. 9. I cannot perceive how, by any fair construction of language, damages to real estate, which diminish its rental value, and also render it less comfortable as a residence for the owner, if he occupies it himself, can be brought within the scope of such definition. Appellant must, of course, rely upon the final general clause of the definition, "or other actionable injury to the person either of the plaintiff or another." But, even with regard to this language, the claim is exceedingly far-fetched. "An injury to the person of the plaintiff" must, it seems to me, consist of some direct attack upon his body or upon his mind, as by threats or intimidation, or upon his reputation. It must be an injury to himself, as distinguished from his estate, to which he himself is not a conniving party, or consciously a contributing cause. In continuing to live in a house which has been rendered less comfortable by noises, dust, and impaired light, a person's bodily pleasure and convenience will be materially affected. But the legal *status* of this is not that the elevated railroad has inflicted an actionable injury upon his person, but that· he voluntarily continues to live in injured property, and of course experiences the annoyance this entails. As the claim originally owned by plaintiff's husband is not covered by the affirmative definition of an "injury to the person," and does not belong to either of the other classes of claims particularly mentioned and excepted in section 1910, it comes within the general power of assignment granted by such section.

The other ground of error urged is that one of plaintiff's experts was asked, and was allowed to answer, the question, "What has caused the change in the rental value of the property?" Since the trial of this case the court of appeals has said, in *McGean v. Railway Co.*, 22 N. E. Rep. 957, that "the opinions of witnesses as to the causes which occasion the decrease of rental value, as well as to the amount of damages done thereby, were clearly improper." In the case at bar, however, I think respondent shows very satisfactorily that this evidence could not have affected the verdict. One of the defendant's witnesses, in answer to defendant's counsel, said: "I think the elevated railroad has depreciated this property in rental value to the extent of about seven or eight per cent." Another of defendant's witnesses said: "I think the house would bring about $50 or $60 more a year than it does at the present time, without the road." The fact that this improper evidence tended to prove was conclusively established by other evidence in the case, and was expressly admitted by defendant's own witnesses. All that it went to show was that the elevated road had depreciated the· land, which seems to have been practically conceded on the trial. The amount of such depreciation was proved by other methods of inquiry. We are authorized, therefore, to say that the error was entirely harmless, and that the judgment should be affirmed, with costs. All concur.